**IN THE UNITED STATES DISTRICT COURT**
**THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| CDN INNOVATIONS, LLC | |
| Plaintiff, | Civil Action No.  6:20-cv-448 |
| v. | |
| STMICROELECTRONICS N.V., and STMICROELECTRONICS, INC. | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff  CDN Innovations, LLC ("CDN" or "Plaintiff"), for its Complaint against Defendant STMicroelectronics N.V. (referred to herein as "STMicroelectronics Netherlands"), and Defendant STMicroelectronics, Inc. (referred to herein as "STMicroelectronics US") (collectively as "STMicro" or "Defendants"), alleges the following:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2.   Plaintiff CDN is a limited liability company organized under the laws of the State Georgia with a place of business at 44 Milton A venue, Suite 254, Alpharetta, GA 30009.

3.   Upon information and belief, STMicroelectronics Netherlands is a limited liability company organized under the laws of The Netherlands, with a place of business at WTC Schiphol Airport, Schiphol Boulevard 265, 1118 BH Schiphol Airport, The Netherlands.  Upon information and belief, STMicroelectronics Netherlands sells, offers to sell, and/or uses products

and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

4.   Upon information and belief, STMicroelectronics US is a corporation organized under the laws of the State of Delaware, with a place of business at 750 Canyon Drive, Suite 300, Coppell, TX 75019.  Upon information and belief, STMicroelectronics US sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

8.     Venue is proper as to STMicroelectronics Netherlands in this judicial district under 28 U.S.C. §1391(c)(3).  On information and belief, STMicroelectronics Netherlands is not resident in the United States and may be sued in any judicial district.

9.     This Court has personal jurisdiction over the STMicroelectronics US under the laws of the State of Texas, due at least to their substantial business in Texas and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas.  Venue is also proper in this district because STMicroelectronics US has a regular and established place of business in this district.  For instance, STMicroelectronics US

has an office in this judicial district.  For example, STMicroelectronics US has an office located at 8501 N Mopac Expy, Austin, TX 78757.

## BACKGROUND

### The Inventions

*Adaptive Power Control*

10.     Sinikka Sarkkinen, Jari Isokangas, and Dimitris Koulakiotis (hereinafter "the Inventors") are the inventors of U.S. Patent Nos. 7,006,844 ("the '844 patent") and 7,860,462 ("the '462 patent").  A true and correct copy of the '844 patent is attached as Exhibit A.  A true and correct copy of the '462 patent is attached as Exhibit B.

11.     The '844 and '462 patents resulted from the pioneering efforts of the Inventors in the area of data transmissions in a wireless communication network, and more particularly the dynamic control of the power level of multicast data transmission.  These efforts resulted in the development of a method and apparatus for adaptive power control for multicast transmission in 2002.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 7,006,844

12.     The allegations set forth in the foregoing paragraphs are incorporated into this Count.

13.     On February 28, 2006, the '844 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Adaptive power control for multicast transmission".

14.     CDN is the assignee and owner of the right, title and interest in and to the '844 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

15.     Upon information and belief, STMicro has and continues to directly infringe one or more claims of the '844 patent by making, using (e.g., developing, testing, installing or otherwise using) offering to sell, selling, or importing into the United States products, specifically one or more of the products identified in Exhibit C hereto (the "*Accused 802.11 Instrumentalities*").

16.     Exemplary infringement analysis showing infringement of at least claim 23 of the '844 patent is set forth in Exhibit C.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by STMicro with respect to the '844 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '844 patent.

17.     Upon information and belief, users of devices containing STMicro's *Accused 802.11 Instrumentalities* have and will continue to directly infringe at least claim 23 of the '844 patent.

18.     Upon information and belief, STMicro had knowledge of the '844 patent at least as early as its receipt of this complaint.

19.     STMicro's encouragement of others to use the *Accused 802.11 Instrumentalities*—knowing that such use, as alleged herein, infringes at least claim 23 of the '844 patent—constitutes inducement of others under 35 U.S.C. § 271(b).  STMicro's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused 802.11 Instrumentalities* are not only compliant with the IEEE Std 802.11. Standard ("802.11") but specifically intended for use as an 802.11 product.  For example, STMicro's website expressly

promotes "[t]he SPWF01SA and the SPWF01SC" as "intelligent Wi-Fi modules" which "represent a plug-and-play and standalone 802.11 b/g/n solution for easy integration of wireless internet connectivity features into existing or new products." https://www.st.com/en/wireless-transceivers-mcus-and-modules/spwf01sc.html  (last visited 05/28/2020).  In addition, the "AN4696 Application note" for STMicro's SPWF01Sx power management options, available from its website, expressly describes "the IEEE 802.11 power management operations" and states that "[t]he power management of the Wi-Fi client is fully specified by the IEEE 802.11 protocol".  https://www.st.com/resource/en/application_note/dm00184377-spwf01sx-power-management-options-stmicroelectronics.pdf (last visited 05/28/2020).  Such conduct demonstrates STMicro's specific intent (or at least willful blindness) to actively aid and abet others to infringe, including but not limited to STMicro's partners and downstream customers, whose use of the *Accused 802.11 Instrumentalities* constitutes direct infringement of at least claim 23 of the '844 patent.

20.     Upon information and belief, STMicro is also liable as a contributory infringer of the '844 patent under 35 U.S.C. § 271(c) by offering to sell, selling and/or importing into the United States componentry especially made to comply with 802.11 Standard which, as shown in Exhibit C, constitutes an infringement of the '844 patent.  The *Accused 802.11 Instrumentalities* are material components for use in practicing the '844 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

21.     The Accused Instrumentality infringed and continues to infringe at least claim 23 of the '844 patent during the pendency of the '844 patent.

22.     CDN has been harmed by the STMicro's infringing activities.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 7,860,462

23.     The allegations set forth in the foregoing paragraphs are incorporated into this Count.

24.     On December 28, 2010, the '462 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Adaptive power control for multicast transmission" [sic].

25.     CDN is the assignee and owner of the right, title and interest in and to the '462 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

26.     Upon information and belief, STMicro has and continues to directly infringe one or more claims of the '462 patent by making, using (e.g., developing, testing, installing or otherwise using) offering to sell, selling, or importing into the United States products, specifically one or more of the products identified in Exhibit D hereto (the "*Accused 802.11 Instrumentalities*").

27.     Exemplary infringement analysis showing infringement of at least claims 15 and 19 of the '462 patent is set forth in Exhibit D.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by STMicro with respect to the '462 patent.  CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis.  Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '462 patent.

28.     Upon information and belief, users of devices containing STMicro's *Accused 802.11 Instrumentalities* have and will continue to directly infringe at least claims 15 and 19 of the '462 patent.

29.     Upon information and belief, STMicro had knowledge of the '462 patent at least as early as its receipt of this complaint.

30.     STMicro's encouragement of others to use the *Accused 802.11 Instrumentalities*—knowing that such use, as alleged herein, infringes at least claims 15 and 19 of the '462 patent—constitutes inducement of others under 35 U.S.C. § 271(b).   STMicro's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused 802.11 Instrumentalities* are not only compliant with the IEEE Std 802.11. Standard ("802.11") but specifically intended for use an 802.11 product.   For example, STMicro's website expressly promotes "[t]he SPWF01SA and the SPWF01SC" as "intelligent Wi-Fi modules" which "represent a plug-and-play and standalone 802.11 b/g/n solution for easy integration of wireless internet connectivity features into existing or new products." https://www.st.com/en/wireless-transceivers-mcus-and-modules/spwf01sc.html  (last visited 05/28/2020).  In addition, the "AN4696 Application note" for STMicro's SPWF01Sx power management options, available from its website, expressly describes "the IEEE 802.11 power management operations" and states that "[t]he power management of the Wi-Fi client is fully specified by the IEEE 802.11 protocol".  https://www.st.com/resource/en/application_note/dm00184377-spwf01sx-power-management-options-stmicroelectronics.pdf (last visited 05/28/2020).  Such conduct demonstrates STMicro's specific intent (or at least willful blindness) to actively aid and abet others to infringe, including but not limited to STMicro's partners and downstream customers, whose use of the *Accused 802.11 Instrumentalities* constitutes direct infringement of at least claims 15 and 19 of the '462 patent.

31.     Upon information and belief, STMicro is also liable as a contributory infringer of the '462 patent under 35 U.S.C. § 271(c) by offering to sell, selling and/or importing into the United States componentry especially made to comply with 802.11 Standard which, as shown in Exhibit D, constitutes an infringement of the '462 patent.  The *Accused 802.11 Instrumentalities* are material components for use in practicing the '462 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

32.     The Accused Instrumentality infringed and continues to infringe at least claim 15 and 19 of the '462 patent during the pendency of the '462 patent.

33.     CDN has been harmed by the STMicro's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CDN demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CDN demands judgment for itself and against STMicro as follows:

A.     An adjudication that the STMicro has infringed the patents asserted herein;

B.     An award of damages to be paid by STMicro adequate to compensate CDN for STMicro's past infringement of the patents asserted herein, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of CDN's reasonable attorneys' fees; and

D.     An award to CDN of such further relief at law or in equity as the Court deems just and proper.

Dated: May 29, 2020               DEVLIN LAW FIRM LLC

                                     */s/ Alex Chan*
                                       Alex Chan (Texas Bar No. 24108051)
                                       achan@devlinlawfirm.com
                                       Timothy Devlin (*pro hac vice* to be filed)
                                       tdevlin@devlinlawfirm.com
                                       James M. Lennon (*pro hac vice* to be filed)
                                       jlennon@devlinlawfirm.com
                                       1526 Gilpin Ave.
                                       Wilmington, Delaware 19806
                                       Telephone: (302) 449-9010
                                       Facsimile: (302) 353-4251

                                       *Attorneys for Plaintiff CDN Innovations, LLC*